**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELLIOTT ROY BROWN,
Plaintiff-Appellant,

v.

SECRETARY OF THE AIR FORCE;

No. 98-2832

WILNET ASHLEY BROWN,
Defendants-Appellees.

UNIVERSITY OF VIRGINIA APPELLATE
LITIGATION CLINIC,
Amicus Curiae.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-97-657-3)

Argued: May 5, 2000

Decided: June 23, 2000

Before WIDENER and MOTZ, Circuit Judges, and
Irene M. KEELEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Neal Lawrence Walters, UNIVERSITY OF VIRGINIA
SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Char-

lottesville, Virginia, for Amicus Curiae. Debra Jean Prillaman, Assistant United States Attorney, Richmond, Virginia, for Appellees. **ON BRIEF:** Helen F. Fahey, United States Attorney, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elliott Roy Brown appeals the district court's order dismissing his action alleging violations of the Uniformed Services Former Spouses Protection Act [the "USFSPA"], 10 U.S.C.A.§ 1408 (West 1998). We find that the district court did not err either in its interpretation of the statute or in its decision to decline jurisdiction over Brown's state law claims.

A.

Congress enacted the USFSPA in an attempt to strike an appropriate balance between preserving a military retiree's right to retirement pay and protecting the rights of a former spouse and the children of that retiree to appropriate support and maintenance. Subsection (d)(1) of § 1408 of the USFSPA sets forth the parameters of what the Secretary of the Air Force must do upon effective service of a court order providing for the payment of alimony, if that order specifically provides for the payment of an amount of the disposable retired pay from a member to the spouse or a former spouse of the member. The Secretary's authority and duties under subsection (d)(1) are plainly limited by some subsections not at issue in this appeal; however, in the event that the Secretary acts in accordance with § 1408 and its regulations in making payment, the Secretary has sovereign immunity under subsection (f)(1).

2

Appellant contends that the Secretary exceeded his authority under subsection (d)(1), by making payments of a portion of appellant's retirement pay to his ex-wife, Wilmet Brown, in direct contravention of the plain, unambiguous language of the Effective Date provision for that section of the statute. This Effective Date provision, set forth in the Historical Notes for § 1006 of Pub. Law 97-252, states:

> However, in the case of a court order that became final before June 26, 1981, payments under such subsection [(d)(1)] may only be made in accordance with such order as in effect on such date and without regard to any subsequent modifications.

Mr. Brown alleges that, because the court order regarding his divorce became final prior to June 26, 1981, the district court erred in effecting a subsequent modification, which increased the payments to Wilmet Brown from $200 per month to $1500 per month.

In rendering its decision upholding the Secretary's actions, the district court looked beyond the plain language of the Effective Date provision and reviewed the legislative history. From this analysis, the Court concluded that the Effective Date provision concerns only court orders relating to the division of property, rather than to maintenance awards. Mr. Brown claims this analysis was improper. See Razlaf v. United States, 510 U.S. 135, 147-48 (1994) (holding that a court should not resort to legislative history when a statute is unambiguous on its face).

Mr. Brown is correct that, under the most basic tenets of statutory construction, "unless there is some ambiguity in the language of the statute, a court's analysis must also end with the language of the statute." See Selgeka v. Carroll, 184 F.3d 337, 342-43 (4th Cir. 1999); and Faircloth v. Lundy Packing Co., 91 F.3d 648, 653 (4th Cir. 1996), cert. denied, 519 U.S. 1077 (1997). Nevertheless, there exists a narrow exception to this cardinal rule. See United States v. Morison, 844 F.2d 1057, 1063 (4th Cir.), cert. denied, 488 U.S. 908 (1988). According to Morison,

> This rule is departed from only in those rare and "exceptional circumstances," Burlington Northern R. Co. v.

3

B.M.W.E., 481 U.S. ___, 107 S.Ct. 1841, 1860 (1987), where "a literal reading of [the] statute[will] produce a result demonstrably at odds with the intentions of its drafters," United States v. Locke, 471 U.S. 84, 93 (1985), or "where acceptance of that meaning would lead to absurd results . . . or would thwart the purpose of the statute," Trans Alaska Pipeline Rate Cases, 436 U.S. 631, 643 (1978) (citing Commissioner v. Brown, 380 U.S. 563, 571 (1965)), or where "an absolutely literal reading of a statutory provision is irreconcilably at war with the clear congressional purpose, [in which case] a less literal construction . . . may be considered." United States v. Campos-Serrano, 404 U.S. 293, 298 (1971).

A literal reading of § 1408(d)(1) produces an absurd result, thwarting the true purpose of the USFSPA to protect a former spouse's right to support. In that case, the Secretary would be liable for deducting from appellant Brown's retirement pay an amount for support and maintenance of his former spouse, even though (1) the Secretary acted in reliance upon a valid court order; (2) the court issuing that order specifically retained jurisdiction over later modification of the amount of support and maintenance; and (3) the statute only limited the modification of divorce decrees in cases in which the military retired pay originally was treated as marital property to be divided. Mrs. Brown thus would not receive her rightful entitlement to adequate support and maintenance, a result irreconcilably at odds with the purpose of the statute as stated in its title. Morison permitted the district court to look to the legislative history of§ 1408(d)(1) to avoid this circumstance.

Applying Morison, a review of the legislative history of the statute demonstrates why the Secretary's actions were appropriate. It also reveals the significance of the date restriction in§ 1408(d)(1): June 25, 1981 is the day before the United States Supreme Court's decision in McCarty v. McCarty, 453 U.S. 210 (1981). The Supreme Court ruled in McCarty that, upon dissolution of a marriage, federal law precluded a state court from dividing military non-disability retired pay pursuant to state community property laws. Importantly, McCarty did nothing to abrogate a state's right to garnish military retired pay for the purpose of enforcing a support order. Id. at 235-36.

4

Congress then enacted § 1408(d)(1) in direct response to McCarty. See Mansell v. Mansell, 490 U.S. 581 (1989). Congress wanted to make clear that, in spite of McCarty, states could garnish retirement pay for purposes of enforcing their community property laws. Even so, Congress imposed the date restriction in § 1006(b) in order to prevent state courts from reopening pre-McCarty decisions to retroactively provide for the division of retired military pay as a marital asset.

Here, the court issuing the Brown's divorce decree did not treat Mr. Brown's military retired pay as marital property as happened in McCarty; rather, it simply awarded Mrs. Brown an amount for her monthly support and maintenance. Having retained jurisdiction to modify this support and maintenance award, the court was free to adjust the amount. Section 1408 of the USFSPA mandated the Secretary to pay Mrs. Brown in accordance with any such modification; thus, the district court's decision correctly affirmed the propriety of the Secretary's actions.

B.

Having found that the Secretary's actions were authorized under the USFSPA, the district court declined to exercise jurisdiction over Mr. Brown's state law claims, finding them barred by the Rooker-Feldman doctrine, which provides that federal courts lack jurisdiction to hear claims adjudicated by state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997). The district court also noted that it would decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 in any event, because Mr. Brown's state law claims involved substantially different facts from his claims asserted under the USFSPA. The district court properly exercised its discretion in this regard. See 28 U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

For these reasons, we affirm the district court.

AFFIRMED

5